UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:04CV328 (MRK) |
| | : | |
| JOHN EOANOU, EKATERINE | : | |
| EOANOU a/k/a KATHY EOANOU, | : | |
| MARDIE LANE HOMES, LLC, | : | |
| DELTA GROUP, LLC, and | : | |
| KNMSG ASSOCIATES, LLC, | : | |
| | : | |
| Defendants. | : | |

**RULING AND ORDER**

RLI Insurance Company ("RLI") moves for summary judgment in its favor on liability on Count Two of its Complaint [doc. # 1] against Defendants John Eoanou, Ekaterine Eoanou, and Delta Group LLC ("Delta"), which seeks damages for breach of a written Agreement of Indemnity among the parties. *See* Motion for Summary Judgment [doc. # 53].[1] John and Ekaterine Eoanou have appeared *pro se* in this action; Delta has never appeared. RLI provided Defendants with notice [doc. # 54] of the pendency of its summary judgment motion, but none of the Defendants has responded to the motion.

Under governing Second Circuit precedent, where the non-moving party "'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may

---

[1] RLI does not seek summary judgment against Defendant Mardie Lane Homes, LLC, because a bankruptcy stay remains in effect. *See In re Mardie Lane Homes, LLC*, Case No. 06-50340 (Bankr. Conn.). The Court also notes that RLI has not sought summary judgment as to the final Defendant in this case, KNMSG Associates, LLC, and does not explain why in its Motion for Summary Judgment [doc. # 53].

not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). And if the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then "summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Amaker*, 274 F.3d at 681 (quotation marks omitted). "Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear*, 373 F.3d at 244; *see Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003). Thus, "even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *One Cowdray Park LLC v. Marvin Lumber and Cedar Co.*, 371 F. Supp. 2d 167, 169 (D. Conn. 2005) (quotation marks and alterations omitted).[2]

Having reviewed with care the Statement of Material Facts and supporting documentation provided by RLI and giving Defendants the benefit of all reasonable inferences in their favor, the Court is satisfied that there is no genuine issue of material fact and that RLI is entitled to judgment of liability on Count Two of its Complaint. The undisputed facts show that in connection with the approval of a subdivision known as the Grove Avenue Subdivision, which was proposed by Mardie

---

[2] This Court has previously set forth the standard for assessing a motion for summary judgment and will not repeat that standard here. Suffice it to say that the Court has applied the standards set forth in its prior decisions. *See, e.g.*, *Rollins v. People's Bank Corp.*, NO. 3:05CV191(MRK), 2008 WL 2622769, at *3 (D. Conn., June 27, 2008).

Lane Homes, LLC ("MLH"), the Town of Groton required MLH to post a Subdivision Bond guaranteeing performance of the Town's Subdivision requirements. As a condition of the issuance of the Subdivision Bond, RLI required MLH, John and Ekaterine Eoanou and Delta to enter into an Agreement of Indemnity. Under the terms of the Agreement of Indemnity, the Defendants agreed to exonerate and indemnify RLI from and against any and all liability for losses or expenses (including costs and attorneys' fees) "as soon as liability exists or asserted against [RLI], whether or not [RLI] shall have made any payment therefor." *See* Motion for Summary Judgment [doc. # 53], Ex. B, ¶ Second.

The Subdivision Bond issued by RLI stated that if the improvement were successfully completed by October 27, 2003, the obligations under the bond would be null and void, but otherwise, they would remain in effect and RLI would be liable, jointly and severally with the principal, "for such amount as the Town of Groton may reasonably expend or contract to expend in completing such improvements . . . ." *Id.*, Ex. A. The Defendants have acknowledged that they did not complete the subdivision improvements and as a consequence, the Town of Groton has made demand upon RLI under the Subdivision Bond. In turn, RLI has made demand upon the Defendants to complete the improvements and hold RLI harmless but Defendants have not done so. RLI has incurred costs and attorneys' fees and also anticipates incurring a loss under the Subdivision Bond.

The Agreement of Indemnity among the parties is clear, unambiguous and enforceable. *See Argus Research Group, Inc. v. Argus Media, Inc.*, – F. Supp. 2d –, 2008 WL 2262482, at *5 (D. Conn. 2008); *PSE Consulting, Inc. v. Frank Mercede & Sons, Inc.*, 267 Conn. 279, 290 (2004). The contract requires payment to RLI as soon as liability exists whether or not RLI has made payment. It is undisputed that the promised improvements were not made, and as a consequence the Town of

Groton has made demand upon RLI. Under the terms of the Agreement of Indemnity, Defendants' obligation to indemnify RLI has been triggered, and having ignored their obligations to RLI, Defendants have breached the Agreement of Indemnity.

Accordingly, the Court **GRANTS** RLI's Motion for Summary Judgment [doc. # 53] and grants judgment as to liability on Count Two only to RLI and against Defendants John Eoanou, Ekaterina Eoanou and Delta Group, LLC. In addition, RLI has until **August 8, 2008** to move for summary judgment and/or default with respect to KNMSG Associates, LLC, or to voluntarily dismiss any claims against that Defendant.

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: July 24, 2008.**